**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>COWEN INC., JEFFREY M. SOLOMON, BRETT BARTH, KATHERINE ELIZABETH DIETZE, GREGG A. GONSALVES, LORENCE KIM, STEVEN KOTLER, LAWRENCE LEIBOWITZ, MARGARET POSTER, and DOUGLAS A. REDIKER,<br><br>Defendants. | Case No. ____________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Cowen Inc. ("Cowen" or the "Company") and the members of Cowen's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Cowen to The Toronto-Dominion Bank ("TD") (the "Proposed Transaction").

2. On August 1, 2022, Cowen entered into an Agreement and Plan of Merger with TD and Crimson Holdings Acquisition Co. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, TD will acquire Cowen for $39.00 in cash for each share of Cowen common stock.

3. On October 11, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Cowen stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Ardea Partners LP ("Ardea"); and (iii) potential conflicts of interest faced by the Company's additional financial advisor, Perkins Advisors, LLC ("Perkins Advisors").

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Cowen stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Cowen stockholders to vote on the Proposed Transaction is currently scheduled for November 15, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Cowen's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Cowen's principal executive offices are located in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of Cowen common stock.

10. Defendant Cowen is a Delaware corporation, with its principal executive offices located at 599 Lexington Avenue, New York, New York 10022. Cowen's shares trade on the Nasdaq Global Select Market under the ticker symbol "COWN."

11. Defendant Jeffrey M. Solomon has been Chair, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Brett Barth has been Independent Lead Director and a director of the Company at all relevant times.

13. Defendant Katherine Elizabeth Dietze has been a director of the Company at all relevant times.

14. Defendant Gregg A. Gonsalves has been a director of the Company at all relevant times.

15. Defendant Lorence Kim has been a director of the Company at all relevant times.

16. Defendant Steven Kotler has been a director of the Company at all relevant times.

17. Defendant Lawrence Leibowitz has been a director of the Company at all relevant times.

18. Defendant Margaret Poster has been a director of the Company at all relevant times.

19. Defendant Douglas A. Rediker has been a director of the Company at all relevant times.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21. Founded in 1918, Cowen is a diversified financial services firm that provides investment banking, research, sales and trading, prime brokerage, outsourced trading, global clearing, and commission management services. The Company's two business segments are the Operating Company and the Asset Company. The Operating Company consists of four divisions: the Cowen Investment Management division, the Investment Banking division, the Markets Division, and the Research Division. The Asset Company consists of the Company's private investments, private real estate investments and other legacy investment strategies.

**The Proposed Transaction**

22. On August 2, 2022, Cowen announced that it had entered into the Proposed Transaction, stating, in relevant part:

> TORONTO and NEW YORK, Aug. 2, 2022 /PRNewswire/ – TD Bank Group ("TD") (TSX: TD) and (NYSE: TD) and Cowen Inc. ("Cowen") (NASDAQ: COWN) today announced a definitive agreement for TD to acquire Cowen in an all-cash transaction valued at US$1.3 billion, or US$39 for each share of Cowen

common stock. Through this transaction, TD Securities will accelerate its long-term growth strategy in the United States by acquiring a high-quality and rapidly growing investment bank with outstanding talent and highly complementary products and services.

"Cowen is a leading independent dealer with a premier U.S. equities business and a strong, diversified investment bank that, when combined with TD Securities, will allow us to accelerate our strategic U.S. growth plans," said Bharat Masrani, Group President and CEO, TD Bank Group. "Most importantly, the acquisition will provide new capabilities and increased depth in key business lines to meet our clients' needs and will allow us to leverage our combined expertise, talent, and integrated offerings across a much larger client base."

With this acquisition, TD Securities will benefit from the addition of Cowen's 1,700 talented colleagues and its exceptional leadership team. Once the transaction closes, Jeffrey Solomon, Chair & CEO of Cowen, will join the senior leadership of TD Securities, reporting to Riaz Ahmed, President and CEO, TD Securities and Group Head, Wholesale Banking, TD Bank Group. To leverage the strength of Cowen's brand, post-closing, parts of the combined business will be known as TD Cowen, a division of TD Securities, and will be headed by Mr. Solomon.

"At Cowen our success comes from striving to outperform in all we do by exceeding expectations and providing innovative solutions to, and partnering with, our clients. Taking this step will make us even stronger and more effective in serving their growing needs," said Mr. Solomon. "The strategic decisions and focused investments that we have made over the last few years have positioned Cowen for this exciting next chapter of our growth. I look forward to having our exceptional talent and valued clients join the TD family. We plan to do great things together because we are aligned with our cultural values of vision, empathy, sustainability, and tenacious teamwork."

"Together, we will have more than 6,500 professionals in 40 cities across the globe, extending our reach into new industry coverage areas and building even deeper, long-term client relationships," added Mr. Ahmed. "I look forward to welcoming Jeff and his team to TD Securities and to the fantastic opportunities for growth we will create together."

**TD Securities and Cowen – A Leading Full-Service Investment Bank**

The combined firms' pro-forma global revenues will increase by more than a third to approximately C$6.8 billion1 with added advisory, capital markets, equity execution and industry-leading research capabilities and broadened expertise in key growth sectors. Following the closing of the transaction, TD Securities' existing depth and breadth in global market research capabilities will benefit from Cowen's complementary and highly diverse equity research franchise, which is positioned among the top 10 research platforms in the U.S. by both stocks under coverage and

> number of publishing analysts2 and includes considerable expertise in Environmental, Social and Governance research. Furthermore, TD Securities' balance sheet and capital markets expertise are expected to bring immediate benefits to Cowen's existing client base.
>
> **Transaction Highlights**
>
> The transaction is expected to be modestly accretive to TD's 2023E adjusted EPS on a fully-synergized basis3 and generate approximately 14% adjusted return on invested capital on a fully-synergized run rate basis.4 The purchase price represents a 1.7 times multiple of Cowen's tangible book value as of March 31, 2022 and a 8.1 times multiple of Cowen's 2023E earnings.5 TD expects to achieve US$300-350 million in revenue synergies by year three. TD expects to incur total pre-tax integration and retention costs of approximately US$450 million over three years.
>
> The transaction, which has been approved by the boards of directors of TD and Cowen, is expected to close in the first calendar quarter of 2023, and is subject to customary closing conditions, including approvals from Cowen's stockholders and certain U.S., Canadian, and foreign regulatory authorities, including the Office of the Superintendent of Financial Institutions (OSFI), the Financial Industry Regulatory Authority (FINRA), and under the Hart-Scott-Rodino (HSR) Act.
>
> To provide the capital required for the transaction, TD has sold 28.4 million non-voting common shares6 of The Charles Schwab Corporation ("Schwab") for proceeds of approximately US$1.9 billion, reducing TD's ownership interest from approximately 13.4% to 12.0%. When combined with this share sale, the acquisition of Cowen is expected to be neutral to TD's Common Equity Tier 1 ratio which is expected to be comfortably above 11% at closing, pro forma for the closing of TD's acquisition of First Horizon Corporation.7
>
> TD's strategy with respect to its investment in Schwab has not changed and it has no current intention to divest additional shares.

**<u>The Materially Incomplete and Misleading Proxy Statement</u>**

23. On October 11, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Cowen stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the

fairness opinion provided by the Company's financial advisor, Ardea; and (iii) potential conflicts of interest faced by the Company's additional financial advisor, Perkins Advisors.

*Material Misrepresentations and/or Omissions Concerning Cowen's Financial Projections*

24. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

25. For example, with respect to the Company's financial projections, for each of the Low Case, Base Case, and High Case, the Proxy Statement fails to disclose all line items underlying: (i) Unlevered Free Cash Flow; and (ii) Economic Operating Income.

*Material Misrepresentations and/or Omissions Concerning Ardea's Financial Analyses*

26. The Proxy Statement fails to disclose material information concerning Ardea's financial analyses.

27. With respect to Ardea's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 10.5% to 11.5%; (iii) net debt as of March 31, 2022; (iv) the shares of the Company's class A common stock used in the analysis; and (v) the implied per share price ranges Ardea calculated for each of the Company's Low Case, Base Case and High Case.

28. With respect to Ardea's *Illustrative Present Value of Future Stock Price and Dividends Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the estimated dividends to be paid per share of class A common stock through the end of December 31, 2022, 2023, 2024, and 2025 for each of the Low Case, Base Case, and High Case; (ii) the inputs and assumptions underlying the discount rate of 12.1%; and (iii) the implied per share price ranges Ardea calculated for each of the Company's Low Case, Base Case and High Case.

29. With respect to Ardea's *Historical Premia Analysis*, the Proxy Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Perkins Advisors' Potential Conflicts of Interest*

30. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's additional financial advisor, Perkins Advisors.

31. Specifically, the Proxy Statement fails to disclose: (i) a fair summary of any financial analyses Perkins Advisors performed for the Company; (ii) the amount of compensation Perkins Advisors expects to receive in connection with its engagement by the Company; and (iii) the amount of any compensation Perkins Advisors has received from the Company, TD, or any of their affiliates for any services performed in the prior two years, as well as a summary of any prior services performed.

32. In sum, the omission of the above-referenced information renders statements in the "Financial Forecasts," "Opinion of Ardea Partners LP," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Cowen will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cowen

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Cowen is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Cowen within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cowen and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as

controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Cowen, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 25, 2022

**ACOCELLI LAW, PLLC**

By *_/s/ Richard A. Acocelli_*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*